1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALEJANDRO FUENTES,                          No.  2:15-cv-1397 CKD P

12                    Petitioner,

13          v.                                     ORDER

14    JEROME PRICE,

15                    Respondent.

16

17    I.  Introduction

18          Petitioner is a state prisoner proceeding pro se who has requested authority pursuant to 28

19    U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local

20    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Petitioner has submitted a declaration that makes the

21    showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis

22    will be granted.

23    II.  Facts

24          Petitioner is serving a state prison term of 16 years to life pursuant to a 1997 conviction.

25    (ECF No. 1 at 1.)  He challenges a 2012 disciplinary conviction for "Possession of a Controlled

26    Substance for Distribution," for which he was assessed a nine-month term in the Security

27    Housing Unit (SHU) of California State Prison-Solano.  (See ECF No. 1 at 19.)  Petitioner asserts

28    that the disciplinary conviction was obtained in violation of his federal constitutional rights.  (Id.

1

1  at 5-9.)  Attached records indicate that in July 2014, the prison's Institution Classification

2  Committee "assessed, imposed, and suspended" a nine-month SHU term for the 2012 conviction,

3  an action approved by the Classification Staff Representative in August 2014.  (Id. at 19.)

4        It is not clear whether petitioner ever served a term in SHU pursuant to the 2012

5  disciplinary conviction.   (See id. ("The examiner thoroughly reviewed all documents . . . and

6  finds that the appellant did not serve a SHU term relative to" the 2012 disciplinary conviction.)).

7  Moreover, attached records indicate that the "Maximum Date of Release from SHU" for the 2012

8  conviction was February 15, 2013.  (Id. at 36.)  From this record, it does not appear that petitioner

9  was in SHU when he commenced this action in July 2015.

10  III.  Habeas Jurisdiction

11        A habeas corpus petition is the correct method for a prisoner to challenge the legality or

12  duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

13  Rodriguez, 411 U.S. 475, 485 (1973)).  In Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir.

14  2015), the Ninth Circuit held that habeas jurisdiction extends to claims involving prison

15  disciplinary convictions only if petitioner's success on the claim "would 'necessarily spell

16  speedier release' from custody," which "would include termination of custody, acceleration of

17  future date of release from custody, or reduction of the level of custody."  See Skinner v. Switzer,

18  562 U.S. 521, 533–34 (2011).  Applying Skinner, the Nettles court held that the district court

19  lacked jurisdiction over the discipline-related claim of a California inmate serving an

20  indeterminate life sentence who had passed his Minimum Eligible Parole Date ("MEPD") and not

21  yet been found suitable for parole.  Under these circumstances, neither expungement of the

22  disciplinary finding nor restoration of lost good-time credits would "necessarily" accelerate his

23  release.  Nettles, 788 F.3d at 1004.  Thus, the petitioner's claim was not cognizable in federal

24  habeas.  Id.

25        Here, it appears that petitioner is serving an indeterminate life sentence.  (ECF No. 1 at 1.)

26  His MEPD was November 18, 2011.  (Id. at 44.)  No credit loss was assessed as a result of his

27  2012 conviction.  (Id. at 38.)  On this record, it does not appear that this court has habeas

28  jurisdiction based on the possibility of petitioner's speedier release from prison custody.

1    Alternatively, an inmate's potential release from a higher "quantum" of custody within a
2    prison can be a basis for federal habeas jurisdiction.  In <u>Nettles</u>, 788 F.3d at 1005, the Ninth
3    Circuit held that habeas jurisdiction exists for a prisoner who seeks "expungement of an incident
4    from his disciplinary record when that would lead to speedier release from disciplinary
5    segregation" – i.e., a "quantum change" in the level of custody from the SHU to the general
6    prison population.  However, once an inmate's SHU term ends, "there is no longer . . . a basis for
7    habeas jurisdiction" under the "quantum change" theory.  <u>Pratt v. Hedrick</u>, 2015 WL 3880383, *3
8    (N.D. Cal. June 23, 2015).

9    Here, it does not appear that petitioner was seeking release from SHU when he
10   commenced this action.  In fact, he was no longer housed at CSP-Solano.  (ECF No. 1 at 1.)  Thus
11   there appears to be no basis for federal habeas jurisdiction in this case.

12   Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
13   summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
14   any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the
15   foregoing reasons, the court will dismiss the petition.  However, petitioner will be granted one
16   opportunity to file an amended petition that asserts a basis for this court's habeas jurisdiction
17   under the standard set forth above.

18   Accordingly, IT IS HEREBY ORDERED that:

19   1.  Petitioner is granted leave to proceed in forma pauperis;

20   2.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend
21   within thirty days from the date of this order;[1]

22   3.  Any amended petition must bear the case number assigned to this action and the title
23   "Amended Petition"; and

24   ////
25   ////
26   ////
27
28   _____
[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3

1        4.  The Clerk of the Court is directed to send petitioner the court's form for application for

2  writ of habeas corpus.

3  Dated:  September 28, 2015

4                                _____

                                CAROLYN K. DELANEY

5                                UNITED STATES MAGISTRATE JUDGE

6

7

8  2/fuen1397.nett

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4